## HARRIS v. COLUMBIA COUNTY BANK.

## Opinion delivered October 24, 1927.

1. INFANTS—VALIDITY OF RELEASE BY INFANT.—Crawford & Moses' Dig., § 701, allowing a minor to make a valid receipt for the return of money withdrawn from a bank by check, does not validate a release to the bank executed by the minor, absolving the bank from responsibility for the acts of a third person.

2. INFANTS—RIGHT TO RECOVER DEPOSIT IN BANK.—Under Crawford & Moses' Dig., § 701, relating to deposits by minors, where the undisputed evidence showed that a minor deposited money in the bank which the bank refused to return on demand, because the money had been withdrawn by another by forged check and the minor had executed an agreement to release the bank from responsibility in regard to the money, the minor was entitled to recover the amount of the deposit, and the court erred in not directing a verdict for it.

Appeal from Columbia Circuit Court; *L. S. Britt,* Judge; reversed.

*Wade Kitchens,* for appellant.

*Paul Crumpler,* for appellee.

KIRBY, J.  This suit was brought by Warnock Harris, a minor, by next friend, to recover a sum of money deposited by him in the appellee bank.

The undisputed testimony shows that appellant, a minor, 19 years of age, made a deposit of $39 in the appellee bank in August, 1924, for which he was given a deposit slip or ticket; thereafter he returned to the bank and talked with the officials, and desired to draw some of his money out; that the bank teller told him his account was closed and his money had already been drawn out.  He inquired "How come?" and stated he had not drawn any money out.  An examination of the check disclosed that it was a forgery, for which Claude Burton had already been arrested.  The bank refused to pay him the money, and pleaded a release from liability executed by him on September 5, reading as follows:

"Magnolia, Arkansas, September 5, 1924.

"Owing to the fact that Claude Burton and his mother has agreed to refund the money that Claude

Burton drew from my account at the Columbia County
Bank, I agree to release the Columbia County Bank from
any responsibility in regard to this money.

"Warnock Harris.

"Witness: B. C. Runyan."

He denied having given any release, and stated that
no money had been returned to him by Claude Burton,
his mother, or any one else. He explained the writing
by saying, after the boy had drawn the money, he asked
the bank for it, and was told that he could not get it
until after the trial, and also that the boy's mother
wanted to see him and fix the matter up; that she later
saw him, and he went with her to the bank, where she
asked the teller if they had told appellant that she wanted
to see him, and he replied "Yes," "and they told her if
she would pay the money back they would release the
boy, and the banker asked me if that would be all right,
and I said 'Yes, sir, all I want is my money.' " He stated
he had never received any money; that the bank refused
to pay him, and told him that he could not get it until
after the trial, and that the boy pleaded guilty.

One of the employees in the bank stated that he had
never seen the appellant until he came in the bank and
made the deposit of $39; that  another  boy, Claude
Burton, was with him at the time, and that they stood
out in front of the window counting the money, and
"Warnock Harris brought the money and said that he
wanted it in his name, and the witness wrote out a
deposit slip to Warnock Harris for $39; that he also
witnessed the instrument identified as a release; that the
money was paid out by the bank during his absence from
the bank, and, when Harris came in after his money, he
looked in the books and told him that the account was
closed, that he had already got the money, and he
replied no, he had not. Several days later he and Claude
Burton's mother came into the bank with George Harris,
and the written agreement was made about the release
of the bank, as set out above.

Appellant requested a peremptory instruction and three others, all of which were refused, and the court gave a peremptory instruction for appellee, directing a verdict in its favor, and from the judgment this appeal is prosecuted.

The undisputed testimony shows that the appellant deposited his money in the bank, which refused to return it to him on demand, and claimed a release from liability to its payment, upon suit brought, which it insists was valid under the banking laws, notwithstanding appellant was a minor at the time of its execution.

Section 701, C. & M. Digest of the Statutes, provides: "* * * when any deposit is made in any bank by a person who is a minor, it may pay to such depositor such sums as may be due him or her, and the receipt or check of such minor shall be in all respects valid in law." This statute only relieves against the disability of the minor depositor, allowing him to make a valid receipt for return of his money withdrawn from the bank by check, and necessarily does not extend to validating such an instrument as this so-called release purports to be. It is neither a check nor receipt for money due or paid the minor, but at most only an agreement to release the bank from "responsibility in regard to this money," in view of the fact that Claude Burton and his mother had agreed to refund the money drawn from his account at the bank on the forged check, which admittedly was never done.

The court erred in not directing a verdict upon the undisputed testimony for appellant upon his request for a peremptory instruction, and in directing the verdict against him. For these errors the judgment is reversed, and judgment will be entered here in appellant's favor for the amount of the deposit, with interest. It is so ordered.